United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**No. 05-60124
Summary Calendar**

---

**JUANA GEHRING,**

**Petitioner**

**versus**

**ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,**

**Respondent.**

---

**Petition for Review of an Order of the
Board of Immigration Appeals
(No. A71 563 830)**

---

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Juana Gehring, a native and citizen of Mexico, petitions for review of the order reinstating her 1994 deportation order. Gehring contends the reinstatement violated her due-process rights because the streamlined reinstatement procedures denied her rights to: develop a record; have an attorney present; and have an impartial decision-maker. Gehring has not asserted, however, that the result would have been different had she been given these procedural safeguards. Nor does she challenge the immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officer's findings in support of reinstating her 1994 deportation order. Because she has not shown she was prejudiced, we do not reach the merits of her due-process claim. *See Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002).

Gehring next contends 8 U.S.C. § 1231(a)(5) is impermissibly retroactive as applied to her case because she reentered the United States before the statute was enacted. As she concedes in her reply brief, however, her contention is foreclosed by *Fernandez-Vargas v. Gonzales*, 126 S. Ct. 2422, 2425 (2006).

Gehring also asserts the underlying 1994 deportation order was invalid because: (1) her due-process rights were violated when she was not given an opportunity to be heard concerning her deportation; and (2) exceptional circumstances beyond her control prevented her attending the deportation hearing. This claim, filed under 28 U.S.C. § 2241, was transferred to this court pursuant to the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (11 May 2005).

That Act did not alter our jurisdictional requirements: (1) administrative remedies must be exhausted prior to seeking judicial review of a removal order; and (2) a collateral attack on a deportation order may be considered only if the deportation involved a gross miscarriage of justice. *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 514-15 (5th Cir. 2006). Gehring has not shown the requisite gross miscarriage of justice. Therefore, we lack jurisdiction to consider her collateral challenge. *See id.* at 514-15.

2

Accordingly, Gehring's petition for review is **DENIED** in part and **DISMISSED** in part.